**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff

v.

OPPENHEIMER & CO. INC.

    Defendant.

-------------------------------------------------------------x

ECF CASE

Civil Action No.

**06 CV 0239**

**COMPLAINT**

**JURY TRIAL DEMAND**

RECEIVED JAN 1 2 2006 U.S.D.C. S.D. N.Y. CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jaime Sanders, who was adversely affected by such practices. As alleged with greater particularity in paragraph seven (7) below, Jaime Sanders was denied a job interview because of her sex by Fahnestock & Co. Inc., now known as Oppenheimer & Co. Inc. ("Defendant").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant. has continuously been a corporation doing business in the State of New York and the county of New York, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jaime Sanders filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2003, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e. These practices include denying Jaime Sanders a job interview for a broker trainee position because of her sex. Ms. Sanders discovered this sex discrimination when her brother and male colleagues were immediately granted job interviews over the phone, while she and her female colleagues were told that the position had been filled.

8. The effect of the practices complained of above has been to deprive Jaime Sanders of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Jaime Sanders.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex;

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of gender, and that eradicate the effects of Defendant's past and present unlawful employment practices;

C. Order Defendant to make Jaime Sanders whole by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

D. Order Defendant to provide punitive damages to Jaime Sanders for its malicious and/or reckless conduct, in amounts to be determined at trial;

E. Grant such further relief as the Court deems necessary and proper;

F. Award the Commission its costs in this action.

3

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
January 12, 2006

                      Respectfully submitted,

                      James L. Lee
                      Deputy General Counsel

                      Gwendolyn Y. Reams
                      Associate General Counsel

                      EQUAL EMPLOYMENT OPPORTUNITY
                      COMMISSION
                      1801 L Street, N.W.
                      Washington, D.C. 20507

                      */s/ Elizabeth Grossman*
                      Elizabeth Grossman
                      Regional Attorney

                      */s/ Lisa Sirkin*
                      Lisa Sirkin
                      Supervisory Trial Attorney

                      */s/ Kam S. Wong*
                      Kam S. Wong
                      Senior Trial Attorney

                      New York District Office
                      33 Whitehall Street, 5th Floor
                      New York, NY 10004
                      (212) 336-3703